Case 08-09060   Filed 02/08/10   Doc 64

FILED

FEB - 8 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>KEVIN and SHEILA JOHNSON,<br><br>       Debtors.<br>_____ | Case No.  08-90273-D-7 |
| GARY FARRAR, trustee,<br><br>       Plaintiff,<br>v.<br><br>KEVIN JOHNSON and SHEILA JOHNSON,<br><br>       Defendants.<br>_____ | Adv. Pro. No. 08-9060 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**Application for Entry of Default and For Entry of Default Judgment**

The court, having denied the Application for Entry of Default and For Entry of Default Judgment, makes the following Findings of Fact and Conclusions of law in support thereof.

**Findings of Fact**

1. On October 2, 2009, the court entered its order granting terminating sanctions in favor of the Trustee, as plaintiff in this adversary proceeding, against Sheila G. Johnson and Sasha Cook, and striking the responsive pleadings filed by Sheila G. Johnson and Sasha Cook. Docket Control. Docket Control #55. The Sanctions ordered by the court are that "The responsive pleadings of Defendants SHEILA G. JOHNSON and SASHA COOK are ordered stricken."

2. On July 2, 2009, the court entered its order granting terminating sanctions in favor of the Trustee, as plaintiff in this adversary proceeding, against Kevin P. Johnson and striking the responsive pleadings filed by Kevin P. Johnson. Docket Control #48. The sanctions order by the court are that "[K]EVIN P. JOHNSON's responsive pleading is ordered stricken and default judgment shall be entered as to Defendant KEVIN P. JOHNSON."

3. On December 16, 2009, the Trustee filed an Application seeking the combined relief of having defaults entered against each of the Defendants, entry of judgment against each of the Defendants, and an award of attorneys' fees.

4. The record of the court for this Adversary Proceeding does not include any defaults having been entered against Sheila G. Johnson or Sasha Cook.

5. The record of the court for this Adversary Proceeding does not include a judgment being entered against Kevin P. Johnson.

### Conclusions of Law

6. When a defendant has failed to respond to a complaint, the plaintiff must first request that the clerk enter the default of that defendant. Rule 55(a), Federal Rules of Civil Procedure, as incorporated into Rule 7055, Federal Rules of Bankruptcy Procedure for Adversary Proceedings. "The entry of default must be distinguished from a default judgment. Rule 55 requires a two-step process. The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." Moore's Federal Practice, 3D Edition, §55.10[1].

/ / /

    7.   Only after the default has been entered by the clerk of the court may the plaintiff seek to obtain the entry of a judgment from the court.

    8.   The court may order, as a discovery sanction pursuant to Rule 37, Federal Rules of Civil Procedure (2)(C), as made applicable to Adversary Proceedings by Rule 7037, Federal Rules of Bankruptcy Procedure, the entry of a default judgment against a party. The court did so order the entry of a default judgment against Kevin P. Johnson in the July 2, 2009, sanctions order.

    9.   The July 2, 2009 sanctions order provides for the entry of a default judgment against Kevin P. Johnson for the difference between $60,000 and the present value of the Aircraft and Removed Parts, and an additional $1,630 in attorneys' fees. That amount is, as of the filing of the present motion, not determinable from the pleadings filed.

    10.   The court did not order the entry of a default judgment against Sheila G. Johnson and Sasha Cook as part of the October 2, 2009 sanctions order.

    11.   The second step in obtaining a default judgment when the party has failed to file a responsive pleading is to make application to the court pursuant to a noticed hearing. Rule 55(b), Federal Rules of Civil Procedure, Rule 7055, Federal Rules of Bankruptcy Procedure  Moore's Federal Practice, 3D Edition, §55.30[2]. The method of presenting such an "application" to the court is by Motion pursuant to Local Rule 9014-1, Eastern District of California.

    12.   A party who has appeared in an action, even though they have not filed a responsive pleading, is entitled to notice of

the hearing and to address limited issues with respect to the application for entry of default judgment. Moore's Federal Practice, 3D Edition, §55.10[2], §55.32.

13. A prevailing party in an Adversary Action may seek attorneys' fees as part of the judgment, if a contractual, statutory or other basis exists, as provided in Rule 54(b), Federal Rules of Civil Procedure, as incorporated into Rule 7054, Federal Rules of Bankruptcy Procedure, by motion filed with the court, no later than 14 days after the entry of the judgment.

14. No motion for allowance of attorneys' fees has been filed in this Adversary Proceeding.

15. The entry of a default judgment against Kevin P. Johnson, awarded as a discovery sanction, is not subject to the same process under Rule 55 for the entry of a default and default judgment. Moore's Federal Practice, 3D Edition, §55.03.

16. The prior sanction order of this court stating the amount of the judgment is the difference between $60,000 and the present value of the Aircraft and Removed Parts, it is necessary for the Trustee to establish that amount in the same manner as establishing the amount of a default judgment. The determination of this portion of the judgment may during the same hearing as the determination of the default judgment against the other Defendants.

Dated: 2/5/2010

Ronald H. Sargis, Judge
United States Bankruptcy Court

4

**CERTIFICATE OF MAILING**

　　I, Janet Larson, in the performance of my duties as assistant to the Honorable Ronald H. Sargis, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

<u>Attorney for Plaintiff</u>

Clifford Stevens
P.O. Box 20
Stockton, CA 95201-3020

<u>Attorney for Defendant</u>

Kevin and Sheila Johnson
4007 St. Patrick Place
Turlock, CA 95382

DATE: 2/8/10

_____
Janet Larson

5