

FILED
AUG 18 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re<br><br>KEVIN P. JOHNSON and<br>SHEILA G. JOHNSON,<br><br>        Debtor(s). | Case No. 08-90273-E-7 |
| GARY FARRAR,<br>Chapter 7 Trustee,<br><br>        Plaintiff(s),<br>v.<br><br>KEVIN P. JOHNSON, SHEILA G.<br>JOHNSON and SASHA COOK,<br><br>        Defendant(s). | Adv. Pro. No. 08-9060 |

**FINDINGS OF FACT AND CONCLUSION OF LAW
RE COSTS BILL AND INTEREST**

Prevailing Plaintiff seeks to recover interest at the rate of three and seven-eights percent (3 7/8%), compounded on the $60,000.00 judgment amount for failure to turn over property of the Estate. Plaintiff asserts that interest may be recovered from the following date:

July 1, 2008, the date Defendants refused to turn over possession of the IAR-823 aircraft.

Awards of pre-judgment interest are governed by considerations

of fairness and are awarded when it is necessary to make the wronged party whole. <u>United States</u> v. <u>California State Bd. of Equalization</u>, 650 F. Ed 1127 (9th Cir. 1981), aff'd, 456 U.S. 901 (1982). In federal question cases, absent of an applicable statute the awarding of prejudgment interest is left to the discretion of the court. <u>City of Milwaukee</u> v. <u>Cement Div. Nat'l Gypsum Co.</u>, 515 US 189 (1995).

In this case, the court accepts the Plaintiff's contention that prejudgment interest is computed from the date the Defendants failed to deliver possession of the aircraft, which is property of the Estate to the Trustee. The Defendants, and each of them failed to present any colorable defense to the action or made an effort to prosecute the defense other than to file answers. The answers were ultimately stricken by the court because of the Defendants repeated failure to comply with discovery orders of this court. The Defendants cannot obtain "free financing" for their obligations to the Trustee relating to property of the Estate through the improper use, and abuse, of the litigation process in federal court.

The policy underlying awarding prejudgment interest was stated in <u>United States ex rel. Bernard</u> v. <u>Casino Magic Corp.</u>, 384 F.3d 510, 516 (8th Cir. 2004), to be,

> The purpose of awarding prejudgment interest is to compensate the prevailing party for its true money damages, to encourage settlements, and to deter parties from benefitting from unfairly delaying litigation. <u>Val-U Constr. Co.</u> v. <u>Rosebud Sioux Tribe</u>, 146 F.3d 573, 582 (8th Cir. 1998). To that end, generally prejudgment interest should be awarded, absent exceptional circumstances. <u>See</u>, <u>Turn Key Gaming, Inc.</u> v. <u>Oglala Sioux Tribe</u>, 313 F.3d 1087, 1093 (8th Cir. 2002). Often cited examples of such circumstances include the claimant's bad faith, the claimant's assertion of frivolous claims, and the claimant's repeated delay tactics. See e.g. <u>City of Milwaukee</u> v. <u>Cement Div., Nat'l</u>

Gypsum Co., 515 U.S. 189, 196, 132 L. Ed. 2d 148, 115 S. Ct. 2091 (1995); Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 752 (8th Cir. 1986).

In the present case, there was no reason asserted by the Defendants, individually or jointly, for failing to turn over this asset to the Trustee or the value of the asset. From the file in this adversary proceeding, it appears that each of the Defendants engaged in conduct to unfairly delay the Trustee in obtaining possession of this asset of the Estate or the value of the asset from the Defendants.

Local Rule 292, Eastern District Court Local Rules, incorporated in the Local Bankruptcy Rules of Eastern District Bankruptcy Court, requires that a costs bill be filed within 14 days of entry of the judgment. The cost bill shall itemize the costs and shall be supported by a memorandum of costs and affidavit of counsel. Cost bill forms are available from the clerk of the court and the court website. The Trustee filed a timely costs bill, and then supplemented it, without objection, to include an attachment which appears to have been inadvertently omitted.

No opposition to the Bill of Costs was filed by the Defendant. The court allows the following costs:

```
        Interest        $4,430.20
        Postage         $  126.38
        Filing Fee      $  250.00
        Printing        $    0.00   (Court Could Not Identify Basis
                                     for Computing Requested Cost)
        Docket Fees     $   20.00
                        ─────────
                        $4,826.58
```

///
///
///

The clerk shall issue a costs bill taxing costs in the amount of $4,826.58, which may be enforced as part of the judgment in this case.

Dated: August 17, 2010

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Clifford Stevens
PO Box 20
Stockton, CA 95201-3020

Kevin Johnson
4007 St Patrick Pl
Turlock, CA 95382

Sheila Johnson
4007 St Patrick Pl
Turlock, CA 95382

Gary Farrar
PO Box 576097
Modesto, CA 95357

Office of the U.S. Trustee
Robert T Matsui United States
  Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Sasha Cook
3409 11th Ave S #5
Great Falls, MT 59405-5582

Sasha Cook
4007 St Patrick Pl
Turlock, CA 95382-9596

Sasha Cook
420 44th St N
Great Falls, MT 59405-1229

Sasha Cook
1695 Ramson Dr
Turlock, CA 95380-6171